IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRUCE STEPHEN GLOVER,

        Plaintiff,                                 OPINION AND ORDER

    v.                                               20-cv-613-wmc

VETERANS ADMINISTRATION and
SOCIAL SECURITY ADMINISTRATION
DECISIONS,

        Defendants.

---

*Pro se* plaintiff Bruce Stephen Glover has filed this proposed complaint, in an apparent effort to seek review of decisions of the Veterans Administration and Social Security Administration. Glover's allegations are unclear, but it appears that he is seeking this court's review of 2006 decision by the Veterans Administration finding that he is no longer eligible to receive helpless child benefits (*see* dkt. #11, at 1), and a decision by the Social Security Administration denying him benefits. Glover asks for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, the court will not direct the clerk's office to issue a summons to either proposed defendant, since Glover has failed to allege facts in his complaint showing that this court has the authority to decide his case.

OPINION

Since the defendants are subject to dismissal for different reasons, the court addresses them separately.

I.      Veterans Administration ("VA")

Glover appears to believe that he remains entitled to the helpless child benefits that he received up until 2006, when it appears that the VA concluded that he was no longer eligible to receive this benefit.  However, this court lacks the authority to review a decision by the VA related to this benefit.  Specifically, pursuant to 38 U.S.C. § 511, district courts may *not* review benefits determinations made by the VA.  *Hassan v. U.S. Dept. of Veterans Affairs*, 137 F App'x 418, 420 (2d Cir. 2005).  Section 511(a) provides that, subject to exceptions not applicable here, "the decision of the Secretary [of Veterans Affairs] as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." *Id.*; *see also Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994); *Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995) ("Since the enactment of the VJRA, federal courts have refused to entertain constitutional claims if they are based on the VA's actions in a particular case."); *McCulley v. United States Dep't of Veterans Affairs*, 851 F. Supp. 1271 (E.D. Wis. 1994) (district court lacked subject matter jurisdiction over claim that VA denied him equal protection).  Since Glover is seeking this court's review of the VA's decision related to his helpless child benefits, this court lacks subject matter jurisdiction over his claim against the Veterans Administration, which will be dismissed as a defendant.

## II. Social Security Administration

Nor may the court take up review of Glover's request for social security benefits. Under 42 U.S.C. § 405(g), this court has authority to review only a "final" decision of the Commissioner of Social Security denying a plaintiff's application for social security disability benefits. Under the social security rules, a decision denying social security benefits does not become final unless the claimant has completed all the steps of the administrative process, including filing a request for review with the Appeals Council. When the Appeals Council denies review, the decision of the commissioner becomes "final" and an appeal to federal court is permissible.

Glover has not alleged that he has completed all of the steps of the administrative process and obtained a final decision from the Commissioner, nor has he submitted a copy of any final decision by the Commissioner or a denial of review by the Appeals Council. Instead, he has filed numerous letters with the court, as well as several letters related to his efforts to obtain the helpless child benefits from the VA, and correspondence related to the financial hardships he has experienced over many years.

Although the prerequisite of a final decision from the Commissioner is an affirmative defense that the Commissioner may assert, *Johnson v. Sullivan,* 922 F.2d 346, 352-55 (7th Cir. 1990), given that the true gist of Glover's claim appears to be his claim for benefits through the VA, the court finds it would be an improper use of judicial resources to allow this action to proceed without a more specific showing that Glover received a final decision on a claim. *Moser v. Universal Engineering Corp.*, 11 F.3d 720, 723

(7th Cir. 1993) (trial courts have inherent authority to dismiss a case and control its docket) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1961)).

To remove any doubt as to whether this court should direct service of Glover's complaint, the court will give him the opportunity to submit information showing that Glover has obtained a final decision (or decisions) from the Commissioner on his applications for social security benefits. The easiest way to do this would be for Glover to submit a copy of the letter (or letters) from the Appeals Council denying his request for review, which Glover should have received if he completed the administrative process. Alternatively, Glover may submit a letter stating the specific date on which the final decision (or decisions) in his case was issued. Upon receipt of that information, the court will deem it to be an amendment to his complaint.

If, however, Glover has *not* taken all of the steps needed to complete the administrative review process, or has *not* yet received a final decision, then he may voluntarily dismiss these cases without prejudice, subject to reopening upon completing the administrative process.

ORDER

IT IS ORDERED that:

1) Plaintiff Bruce Glover is DENIED leave to proceed against defendant Veterans Administration for lack of subject matter jurisdiction. This defendant is DISMISSED.

2) Plaintiff has until **September 23, 2021,** to show that he has obtained a final decision (or decisions) from the Commissioner and he identifies the administrative decision(s) that he is challenging. If Glover fails to submit this information by **September 23, 2021**, then the court will dismiss this lawsuit.

Entered this 2nd day of September, 2021.

                            BY THE COURT:

                            /s/

                            _____
                            WILLIAM M. CONLEY
                            District Judge